## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH RODNEY,<br><br>  Plaintiff<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social<br>Security Administration,<br><br>  Defendant | Case No.: 3:20-cv-00269-RCJ -WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 19, 20 |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is proceeding pro se, filed a Motion to Have Answers Accounted for and Case to be Heard, which the court construes as a motion for reversal and/or remand. (ECF No. ) The Commissioner filed a Cross-Motion to Affirm and Response to Plaintiff's motion. (ECF Nos. 20, 21.) Plaintiff then filed a document which the court construes as his response to the Commissioner's cross-motion. (ECF No. 22.)

After a thorough review, it is recommended that Plaintiff's motion be denied, and that the Commissioner's cross-motion be granted.

### **I. BACKGROUND**

In May of 2015, Plaintiff protectively completed applications for disability insurance benefits (DIB) under Title II of the Social Security Act and for supplemental security income (SSI) under Title XVI of the Social Security Act, alleging disability beginning

February 14, 2015. (Administrative Record (AR) 265-66, 267-71.) The applications were denied initially and on reconsideration. (AR 84-112, 113-117, 126-132.)

Plaintiff requested a hearing before an administrative law judge (ALJ). (AR 133-134.) ALJ Janice Shave held a hearing on June 20, 2017, where Plaintiff appeared, represented by counsel. (AR 34-41.) The hearing was continued because the ALJ granted Plaintiff's request for two consultative examinations. (AR 38-40.) Plaintiff and his attorney attended a second hearing on March 6, 2018, where Plaintiff as well as a vocational expert testified. (AR 42-82.)

On, July 12, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 10-21.) Plaintiff requested review, and the Appeals Council denied the request, making the ALJ's decision the final decision of the Commissioner. (AR 1-5.)

Plaintiff then commenced this pro se action for judicial review under 42 U.S.C. § 405(g).

## II. STANDARDS

**A. Disability Process**

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill,* 139 S.Ct. 1148, 1151-52 (2019). A claimant may apply for disability insurance benefits (DIB) under Title II of the Social Security Act, and/or supplemental security income (SSI) benefits under Title XVI of the Act. SSI benefits are based on need, and to be eligible a claimant must be "aged, blind or disabled" and have income and resources under certain thresholds. 42 U.S.C. § 1382(a). DIB are based on earnings, and the claimant must be disabled and have contributed to the insurance trust fund through deductions in wages. 42 U.S.C. § 401(b). DIB, unlike SSI, are limited to a certain period of insurance determined by the amount of the claimant's previously taxed earnings. 42 U.S.C. § 423(c)(1). Title 20 of the Code of Federal Regulations contains SSA's regulations.

Those that start with 404 are Title II regulations. Those that start with 416 are Title XVI regulations.

After a claimant files an application for disability benefits, a disability examiner at the state Disability Determination agency, working with a doctor(s), makes the initial decision on the claimant's application. *See* 20 C.F.R. §§ 404.900(a)(1); 416.1400(a)(1). If the agency denies the claim initially, the claimant may request reconsideration of the denial, and the case is sent to a different disability examiner for a new decision. *See* 20 C.F.R. §§ 404.900(a)(2), 416.1400(a)(2). If the agency denies the claim on reconsideration, the claimant may request a hearing and the case is sent to an ALJ who works for the Social Security Administration. *See* 20 C.F.R. §§ 404.900(a)(3), 416.1400(a)(3). The ALJ issues a written decision after the hearing. *See* 20 C.F.R. § 404.900(a)(3). If the ALJ denies the claim, the claimant may request review by the Appeals Council. *See* 20 C.F.R. §§ 404.900(a)(4), 416.1400(a)(4). If the Appeals Council determines there is merit to the claim, it generally remands the case to the ALJ for a new hearing. If the Appeals Council denies review, the claimant can file an action in the United States District Court. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

**B. Five-Step Evaluation of Disability**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant is disabled if his or her physical or mental impairment(s) are so severe as to preclude the claimant from doing not only his or her previous work but also, any other work which exists in the national economy, considering his age, education and work experience. 42 U.S.C. § 1382c(a)(3)(B).

3

The Commissioner has established a five-step sequential process for determining whether a person is disabled. 20 C.F.R. §404.1520 and § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). In the first step, the Commissioner determines whether the claimant is engaged in "substantial gainful activity"; if so, a finding of nondisability is made and the claim is denied. 20 C.F.R. § 404.152(a)(4)(i), (b); § 416.920(a)(4)(i); *Yuckert*, 482 U.S. at 140. If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to step two.

The second step requires the Commissioner to determine whether the claimant's impairment or combination of impairments are "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c) and § 416.920(a)(4)(ii), (c); *Yuckert*, 482 U.S. at 140-41. An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant has an impairment(s) that is severe, the Commissioner proceeds to step three.

In the third step, the Commissioner looks at a number of specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listed Impairments) and determines whether the claimant's impairment(s) meets or is the equivalent of one of the Listed Impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d) and § 416.920(a)(4)(iii), (d). The Commissioner presumes the Listed Impairments are severe enough to preclude any gainful activity, regardless of age, education or work experience. 20 C.F.R. § 404.1525(a), § 416.925(a). If the claimant's impairment meets or equals one of the Listed Impairments, and is of sufficient duration, the claimant is conclusively presumed disabled. 20 C.F.R. § 404.1520(a)(4)(iii), (d), § 416.920(a)(4)(iii), (d). If the claimant's impairment is severe, but does not meet or equal one of the Listed Impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv), (e), (f) and § 416.920(a)(4)(iv), (e), (f). Past

4

relevant work is that which a claimant performed in the last 15 years, which lasted long enough for him or her to learn to do it, and was substantial gainful activity. 20 C.F.R. § 404.1565(a) and § 416.920(a).

In making this determination, the Commissioner assesses the claimant's residual functional capacity (RFC) and the physical and mental demands of the work previously performed. *See id.;* 20 C.F.R. § 404.1520(a)(4)(v), § 416.920(a)(4)(v); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545 and § 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitation(s), and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. § 404.1545(a)(3) and 416.945(a)(3).

A claimant can return to previous work if he or she can perform the work as he or she actually performed it, *i.e.*, if he or she can perform the "actual functional demands and job duties of a particular past relevant job," or as generally performed, *i.e.*, "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can still do past relevant work, then he or she is not disabled. 20 C.F.R. § 404.1520(f) and § 416.920(f); *see also Berry*, 62 F.3d at 131.

If, however, the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e); *see also Yuckert*, 482 U.S. at 141-42, 144. This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*,

740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether the claimant can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a VE or by reference to the Grids.[1] *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).

If at step five the Commissioner establishes that the claimant can do other work which exists in the national economy, then he or she is not disabled. 20 C.F.R. § 404.1566(b), § 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, the claimant will be found disabled. 20 C.F.R. § 404.1520(g), § 416.920(g); *see also Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

**C. Judicial Review & Substantial Evidence**

The court must affirm the ALJ's determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Gutierrez*, 740 F.3d at 522 (citing 42 U.S.C. § 405(g)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 522-23 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012)).

To determine whether substantial evidence exists, the court must look at the record as a whole, considering both evidence that supports and undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 524 (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The court "'may

---

[1] The Grids take administrative notice of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels.

not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). "'The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez*, 740 F.3d at 524 (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)). That being said, "a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id*. (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). In addition, the court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

### III. DISCUSSION

**A. ALJ's Findings in this Case**

At step one, the ALJ found Plaintiff met the insured status requirements through December 31, 2019, and had not engaged in substantial gainful activity since the alleged onset date of February 14, 2015. (AR 15.)

At step two, the ALJ concluded Plaintiff had the following severe impairments: diabetes mellitus and degenerative joint disease of the bilateral knees. (AR 16.)

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments. (AR 17-18.)

At step four, the ALJ assessed Plaintiff as having the RFC to perform medium work, except he can only occasionally kneel, crouch, and occasionally climb ladders, ropes and scaffolds. (AR 18-20.)

The ALJ then concluded Plaintiff could perform his past relevant work as a water tank truck driver and sheet metal mechanic. As such, the ALJ found Plaintiff was not disabled from the alleged onset date through the date of the decision. (AR 20-21.)

**B. Discussion**

The court agrees with the Commissioner that Plaintiff's motion fails to point to any medical evidence to show he was disabled, and he does not identify any specific legal error in the ALJ's decision.

Plaintiff takes issue with the fact that Dr. Pamela Corson did not mention in her report his blood pressure, his type II diabetes, his inability to see or "any of my life threatening problems" including obstructive hypertrophic cardiomyopathy, degenerative joint disorder or severe ongoing pain. He maintains that his condition has deteriorated.

The Plaintiff bears the burden of proving he is disabled *based on medical evidence*. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff says he is unable to see, but this is simply unsupported by the minimal records from his optometrist. (AR 611-615.) Plaintiff has been diagnosed with hypertension, but the ALJ is correct that there is a lack of symptomology in the record related to his hypertension that would support a finding that this is a severe impairment. (AR 16.)

The ALJ accurately summarized Plaintiff's treatment and symptoms relative to his type 2 diabetes and degenerative joint disease. (AR 19.) The ALJ set forth specific, clear and convincing reasons for discrediting Plaintiff's credibility with respect to his subjective

symptoms. (*Id.*) Moreover, the ALJ set forth legally sufficient reasons for according partial weight to the opinions of Plaintiff's treating physician, Dr. J Bruce Ruppenthal, and the consultative examining physician, Dr. Pamela Corson. (AR 19-20.)

Plaintiff submitted his May 2, 2018 record from Geisinger Community Medical Center to the Appeals Council. The Appeals Council found this evidence did not show a reasonable probability that it would change the outcome of the decision. (ECF No. 22 at 25.) Plaintiff was admitted that date for further evaluation of his headache and dizziness. His doctor noted that an extensive workup was conducted and it was determined Plaintiff had a sinus infection. His dizziness was most likely secondary to the fact that his blood pressure drops when he stands, which was likely due to autonomic dysfunction caused by diabetes. Plaintiff was advised to take his diabetes medications and to monitor his blood glucose closely. The doctor heard a murmur in Plaintiff's heart, and so an echocardiogram was performed which revealed that Plaintiff has a condition called hypertrophic obstructive cardiomyopathy. He was started on medication to decrease his heart rate and to help more efficiently pump his heart. He was instructed to follow up with cardiology in a month. (ECF No. 22 at 10.) The court agrees with the Appeals Council that this record does not reflect symptoms that would render Plaintiff disabled.

In sum, the court finds that Plaintiff did not meet his burden of showing a basis for reversal and/or remand of the ALJ's decision. The Commissioner, on the other hand, has demonstrated that substantial evidence supports the ALJ's decision that Plaintiff is not disabled from the alleged onset date of February 14, 2015 through the date of the ALJ's decision, July 12, 2018. Therefore, Plaintiff's motion should be denied, and the Commissioner's motion to affirm should be granted.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion (ECF No. 19), which the court has construed as a motion for reversal and/or remand, and **GRANTING** the Commissioner's cross-motion to affirm (ECF No. 20).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 9, 2021

_____
William G. Cobb
United States Magistrate Judge